Griffith, Appellant, *v.* West Chester Street Railway Company.

*Negligence—Street railways—" Stop, look and listen "—Collision between car and wagon—Nonsuit.*

In an action against an electric railway company it appeared that plaintiff approached a grade crossing driving a wagon at the rate of five miles an hour.  A car going at the rate of twelve to fifteen miles an hour struck the wagon and plaintiff was injured.  It appeared that if plaintiff had looked when as far distant from the track as 100 feet he could have seen the fully lighted approaching car, or if he did not look then, and when at any other substantial distance from the track, he had begun to look and continued to look, he must have seen the approaching car and have avoided the accident.  *Held,* that a nonsuit was properly entered.

Argued Feb. 6, 1906.   Appeal, No. 276, Jan. T., 1905, by plaintiff, from order of C. P. Chester Co., Jan. T., 1905, No. 100, refusing to take off nonsuit in case of Joseph S. Griffith v. West Chester Street Railway Company.   Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before BUTLER, J.

At the trial the court entered a compulsory nonsuit.

On a motion to strike off the nonsuit the following opinion was filed by BUTLER, J.

We will sustain the motion for a nonsuit. It appears from the evidence that the railway track runs along the southern side of a large field, and that Bradford avenue extends along the eastern side of the same field, Bradford avenue intersecting the track just outside the southeastern corner of the field. This field in its contour, as it lies between the track and Bradford avenue, presents no obstacle to a view. So far as the intervening ground is concerned, a traveler on Bradford avenue approaching the crossing when distant from it some 300 or 400 feet, has an unbroken view from the crossing up the track some 300 or 400 feet; and this view of the track continues unbroken as the traveler approaches the track and makes the crossing. There is along the track a four-foot fence with some vines growing on it, and there is along Bradford avenue a line of maple trees about as high as a telegraph pole and situated about two panels of fence or twenty feet apart.

The accident occurred on the evening before Thanksgiving. It is admitted that the car which caused the accident was properly and fully lighted. The plaintiff said that when about 200 feet from the crossing, he being on Bradford avenue, he saw a car cross the avenue. He then drove on, and when his horse, going at about five miles an hour, was within a few feet of the track, he saw a second car coming from the west, within forty or fifty feet of the crossing; that he was unable to stop his horse, and the accident thus occurred. The car which caused the accident was traveling at from twelve to fifteen miles an hour. The plaintiff was traveling some five miles an hour. When the plaintiff was as much as 100 feet from the crossing, the car which struck him must have been about 300 feet from the crossing. There was nothing then between the plaintiff and the car, which it is claimed could obstruct his view, excepting the four-foot fence along the track and the maples along Bradford avenue, some twenty feet apart, and as nearly free of leaves as they must have been so late as the day before Thanksgiving. We think it entirely clear, therefore, that if the plaintiff had looked in the most casual way when as far distant from the track as 100 feet, he must have seen the fully lighted approaching car, or if he did not look then, and when at any

other substantial distance from the track he had begun to look, and continued to look, he must have seen the approaching car and have avoided the accident. Because we think it entirely clear and indisputable that if he had looked, he must have seen and avoided the car, the conclusion irresistibly follows that he did not look, and that the accident was, therefore, as a matter of law, to be declared by the court, contributed to by negligence on his part. The fact that he saw a car make the crossing when he was 200 feet distant, and that he supposed there would be no other car soon following, might have relieved the plaintiff from some degree of vigilance that otherwise would have been required, but we think it did not relieve him from the obligation of observing, in a general way at least, the track to the west until he reached and made the crossing. That was the only direction in which danger could come, as the road was but a single track, and, therefore, no car could come from the east, the direction in which the first car had gone.

For the reasons given we sustain the motion for a nonsuit.

We may further add, that it is not free from question whether the plaintiff was not guilty of contributory negligence, if the view of the track to the west was unobstructed until he came near it, in undertaking to make the crossing driving at the rate of five miles an hour. We are much inclined to think it was his duty, as it is the duty of everyone about to cross a railway track, where a view may be had of the track for some distance before reaching it, to approach it at such speed that the horse will be under control and may be stopped short of the track if occasion demands.

*Error assigned* was refusal to take off nonsuit.

*W. S. Harris*, for appellant.

No paper-book nor argument for appellee.

PER CURIAM, March 5, 1906 :

The judgment is affirmed on the opinion of the court below in entering the nonsuit.